# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL SCOTT MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>ELI DAVIDSON, Sheriffs Dep. of Nemaha County Auburn NE. 68305; BRENT LOTTMAN, Sheriff of Nemaha County Auburn NE. 68305; MATT KADAVY, Deputy Sheriff and Jail Administrator of Nemaha County Auburn NE. 68305; and JEFF ROWELL, Emergany Managment Deputy Director of Nemaha County Auburn NE. 68305,<br><br>Defendants. | 4:21CV3092<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner currently being held at the Omaha Correctional Center, filed his Complaint on May 4, 2021, and subsequently was granted leave to proceed in forma pauperis. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1)[1] to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

---

[1] In conducting its initial review, the court has also considered three supplemental pleadings (Filings 2, 13, 15).

from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. SUMMARY OF COMPLAINT

Plaintiff states this is an action brought under 42 U.S.C. § 1983.[2] (Filing 1, p. 13.) He is suing four Defendants, in their individual and official capacities: (1) Brent Lottman, Sheriff of Nemaha County, Nebraska; (2) Matt Kadavy, Nemaha County Jail Administrator and Deputy Sheriff; (3) Eli Davidson, Nemaha County Deputy

---

[2] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Sheriff; and (4) Jeff Rowell, Deputy Director of Nemaha County Emergency Management. (Filing 1, p. 14.) Plaintiff complains about events that transpired over a period of 11 months, from April 6, 2020, the date he was arrested and jailed, until February 10, 2021, when he was sentenced and placed in the custody of the Nebraska Department of Correctional Services ("NDCS"). (Filing 1, pp. 5, 14.)[3]

Plaintiff alleges his constitutional rights were violated (1) by Defendants Kadavy, Davidson, and Rowell in failing to rescue him properly on April 6, 2020 (Filing 1, pp. 15-16)[4]; (2) by Defendants Lottman and Kadavy recording a call between Plaintiff and his attorney on April 24, 2020, and later lying to the State Ombudsman about the recording (Filing 1, pp. 16-18); (3) by Defendant Davidson standing in the booking room with Plaintiff and tapping his taser while Plaintiff was on the phone with his attorney on April 24, 2020 (Filing 1, p. 16); (4) by Defendants Lottman and Kadavy not allowing Plaintiff access to a notary public or to use a fax machine for filing legal papers (Filing 1, pp. 16-18); (5) by Defendant Kadavy neglecting to put traction strips in the jail's shower, causing Plaintiff to fall and hurt his back (Filing 1, p. 19); (6) by Defendants Lottman and Kadavy putting Plaintiff in lockdown for 24 hours when he was demanding medical treatment, and then not allowing Plaintiff to shower after he defecated on himself (Filing 1, p. 20); (7) by Defendant Kadavy scheduling Plaintiff for an MRI at the same time he was to appear in court to obtain video evidence of the recorded telephone call with his attorney (Filing 1, p. 21); and (8) by Defendant Kadavy not allowing Plaintiff to get a blood draw so he could obtain medication needed to treat his high triglyceride level, or to have an eye exam (Filing 1, pp. 21-22).[5]

---

[3] Plaintiff alleges that at some point he was removed from the Nemaha County jail and placed in the safekeeping of NDCS on suicide watch, and then was moved to the Otoe County jail for 4 months. (Filing 1, p. 14.)

[4] Plaintiff alleges these three Defendants knowingly allowed 4 hours to pass before taking any action to rescue him from a vehicle trapped in flood waters, and then only sent a drone, told him to get into a drifting boat, and made him wade in freezing water for half a mile. (Filing 1, pp. 15-16.)

[5] Plaintiff alleges: "Part of my claim happened the day I was arrested. I was stuck in flood water in Peru River bottoms April 6 20. This is w[h]ere the two deputies and … Jeff Rowell acted together in part of my lawsuit. The other parts of my lawsuit took place in the Nemaha Co. Jail in Auburn NE 68305." (Filing 1, p. 4.)

III. DISCUSSION

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Epp v. Frakes*, No. 4:16CV3176, 2017 WL 2608694, at *3 (D. Neb. June 15, 2017) (quoting *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017)). Rule 20 provides in part:

> Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

"Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2016). All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Cole v. Cotton*, No. 4:21CV3062, 2021 WL 2187146, at *2 (D. Neb. May 28, 2021) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

The events described by Plaintiff in claim #1 (April 6, 2020 rescue operation) are not "logically related" to any other claim alleged in the Complaint. Claim #1 is the only claim alleged against Defendant Rowell, and, importantly, it is not alleged Defendant Lottman. Thus, there is a misjoinder of parties under Rule 20(a)(2).

"Although pro se litigants are held to less stringent standards than represented parties, they must still comply with the procedural or substantive rules of the court. Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties

and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir. 2007)) (citations omitted); *see Houston*, 2017 WL 35699, at *2 ("In cases filed by non-prisoners, [Rule 20(a)(2)] prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed in forma pauperis by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees …."); *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *2 (D. Minn. Feb. 11, 2021) (explaining that "Rule 20(a)(2) is particularly important in prisoner litigation."), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Dropping a party is self-explanatory. Severance under Rule 21 creates separate actions or suits where previously there was but one. *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003). Where a single claim is severed out of a suit, it proceeds as a discrete, independent action. *Id.*; *see E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998).

Rather than dropping parties or severing claims on its own at this time, the court will give Plaintiff an opportunity to file an amended complaint that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions, and he will be required to pay a separate filing fee for each separate action.

The Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner:

5

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)). "Although a litigant need not plead his claims in the fewest possible words, he must nevertheless keep his statement of the claims 'short and plain.'" *Favors v. Johnson*, No. 19-CV-0032 (PJS/TNL), 2019 WL 1230367, at *1 (D. Minn. Mar. 15, 2019) (quoting Fed. R. Civ. P. 8(a)(2)). "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear*." Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

Plaintiff's Complaint does not comply with Rules 8 and 10. It is a rambling narrative that includes 16 pages of single-spaced, typewritten text in an attachment, and 130 pages of attached exhibits. This pleading is then supplemented with another 61 pages of text and exhibits in Filings 2, 13, and 15. If Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10).

Because of the misjoinder of parties, the court will not address whether Plaintiff's allegations are sufficient to state a plausible claim for relief. It is noted, however, that claim #1 and claim #4 do not appear to involve a violation of the United States Constitution or federal statutes, which is a prerequisite for an action under 42 U.S.C. § 1983. Rather, these apparently are state-law tort claims, which, because Defendants are county employees, must be brought under the Nebraska Political Subdivisions Tort Claim Act ("PSTCA"), Neb. Rev. Stat. § 13-901, *et seq*. The PSTCA requires that a claim be filed with the county within one year after the claim accrues, *see* Neb. Rev. Stat. § 13-919, but this is a condition precedent to filing suit (and thus an affirmative defense) rather than a jurisdictional requirement. *See Keller v. Tavarone*, 655 N.W.2d 899, 903 (Neb. 2003). Also, unless there is diversity of citizenship and a sufficient amount in controversy for the court to exercise original jurisdiction under 28 U.S.C. § 1332,[6] a state-law claim can be heard only if the court exercises supplemental jurisdiction under 28 U.S.C. § 1367.

## IV. PENDING MOTIONS

### A. Appointment of Counsel

In Filings 4 and 16, Plaintiff requests appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an

---

[6] Plaintiff presumably claims Missouri citizenship, as the Complaint's caption identifies him as "Michael Scott Miller of Urich Mo." (Filing 1, p. 1.)

7

attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Despite Plaintiff's lengthy pleadings, this is not a complex case. Plaintiff has demonstrated an ability to investigate the facts and to present his claims, at least through the initial stage of the litigation. Plaintiff states he has a learning disability, but his writing is understandable. He has filed motions for service of process and discovery, which, although premature, indicate he has a basic understanding of legal procedures. This case is still at the pleading stage, so there is no conflicting testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Reccca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, Plaintiff's requests for appointment of counsel will be denied without prejudice to reassertion.

### B. Issuance of Summons

In Filings 8 and 14, Plaintiff requests that summons be issued for service on Defendants. This case will not proceed to service of process unless and until the court determines on initial review of Plaintiff's pleadings that summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A is not warranted. Plaintiff's requests for issuance of summons therefore will be denied without prejudice.

### C. Issuance of Subpoenas

Filings 9 and 11, Plaintiff requests the clerk to issue subpoenas to certain nonparties for the production of documents. As stated in General Order No. 2020-1, a copy of which was provided to Plaintiff when this case was docketed, ordinarily

no discovery will take place in a pro se civil case until a progression order is entered, approximately 30 days after the last defendant has answered. (See Filing 6, ¶¶ 17, 18.) Plaintiff is referred to Rule 45 of the Federal Rules of Civil Procedure regarding issuance of subpoenas to nonparties, and is also advised that the court's local rules require that adverse parties be given advance notice:

> No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.

NECivR 45.1(a). If the adverse party serves written objections within 7 days, no subpoena will issue until the dispute is resolved by the parties or the court. *See* NECivR 45.1(b). For these reasons, Plaintiff's requests for issuance of subpoenas are premature and will be denied without prejudice.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.[7]

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

---

[7] *See* NECivR 15.1(a) (The amended complaint "must be a complete pleading that … supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the … amended pleading by reference.").

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 2, 2021**—amended complaint due.

5. Plaintiff's motions for appointment of counsel (Filings 4, 16) are denied without prejudice.

6. Plaintiff's motions for issuance of summons (Filings 8, 14) are denied without prejudice.

7. Plaintiff's motions for issuance of subpoenas (Filings 9, 11) are denied without prejudice.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 1st day of July 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge