IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL SCOTT MILLER,

            Plaintiff,

    vs.

BRENT LOTTMAN, in his official
capacity, and MATT KADAVY, in his
individual capacity,

            Defendants.

**4:21CV3092**


**MEMORANDUM
AND ORDER**

This matter is before the court on Plaintiff's Filings 31, 32, 33, and 34.

Filing 31 is a "motion for leave to amend complaint to add injury on claims three and four and to add defendants and additional claims." The court construes this as a motion filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, requesting leave of court to file a Second Amended Complaint. The motion will be denied for Plaintiff's failure to comply with the court's local rule, which provides:

> A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

NECivR 15.1(a).

Filing 32 is labeled "Plaintiff's first request for production of documents and Plaintiff's request for interrogatories." This is an unauthorized filing which will be ordered stricken from the court file. *See* NECivR 5.4(a) ("Disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), depositions, interrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect must not be filed until needed for trial, resolution of a motion, or on the court's order."). Discovery documents filed with the court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

Filing 33 is labeled "motion for admissions on Defendants," but Plaintiff does not request a court order. The filing appears to be a Rule 34 request for production of documents, which will be stricken as an unauthorized filing. *See* NECivR 5.4(a).

Filing 34 consists of three subpoenas. Treated as a motion requesting that the subpoenas be issued, the motion will be denied. "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The court's local rule governing subpoenas to nonparties further specifies that:

> No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.

> After receipt of the notice, the adverse party has 7 days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections and must file a certificate of service with the court. No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with Nebraska Civil Rule 7.1. Nothing in this rule affects

the availability of objections described in Federal Rule of Civil Procedure 45(d) and (e).

Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under Federal Rule of Civil Procedure 26(c).

NECivR 45.1 (a)-(c).

Furthermore, the subpoenas filed by Plaintiff are not in an acceptable form. *See* Fed. R. Civ. P. 45(a) (providing, among things, that the subpoena must "set out the text of 45(d) and (e)"). Plaintiff should request the Clerk of the Court to provide him with the standard form AO 88B "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (also available online on the court's website, https://www.ned.uscourts.gov/forms).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to amend (Filing 31) is denied without prejudice.

2. Plaintiff's discovery requests (Filings 32 and 33) shall be stricken from the court file, and the Clerk of Court shall "term" Filing 33 as a motion.

3. Plaintiff's motion for subpoenas (Filing 34) is denied without prejudice.

Dated this 7th day of December 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge