IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL SCOTT MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT LOTTMAN, in his official capacity, and MATT KADAVY, in his individual capacity;<br><br>Defendants. | 4:21CV3092<br><br><br>**MEMORANDUM<br>AND ORDER** |

On January 6, 2022, the court entered a Memorandum and Order (Filing 43) denying Plaintiff's renewed requests for appointment of counsel (Filings 37 and 42), which were filed on December 20, 2021, and January 3, 2022.[1] Since then, Plaintiff has filed the following six motions:

- Filing 46, which includes a request for issuance of a subpoena to the Nemaha County District Court

- Filing 47, "Motion for Appointment of Counsel for Plaintiff," dated January 4, 2022, and filed on January 10, 2022

- Filing 48, "Motion to Dismiss above mentioned Case With Prejudice, and leave to seek counsel or be appointed counsel," dated January 8, 2022, and filed on January 13, 2022

- Filing 50, letter dated January 13, 2022, and filed on January 19, 2022, designated by Plaintiff as "Motion to leave to seek counsel in this case, on my own"

---

[1] Plaintiff's previous requests for appointment of counsel (Filings 4 and 16) were denied by the court in a Memorandum and Order (Filing 19) entered on July 1, 2021.

- Filing 51, "Motion to Leave to Seek Counsel," dated January 16, 2022, and filed on January 24, 2022

- Filing 53, "Motion to Dismiss Case With Prejudice to Leave to Seek Counsel," dated January 26, 2022, and filed on February 1, 2021

Filing 47 was prepared before the court entered its last order denying Plaintiff appointment of counsel. In Filing 48, Plaintiff makes a qualified request to dismiss the action if counsel is not appointed. In Filing 50, Plaintiff makes an unqualified request, stating he has been quarantined for 2 months, is feeling overwhelmed, and wants to find himself a lawyer after he is released from prison on May 20, 2022. In Filing 51, Plaintiff requests leave to seek counsel "if the court won't appoint counsel." In Filing 53, Plaintiff states he "wishes to dismiss this suit at this time" so he can obtain counsel on his own.

The status of this case has not changed since January 6, 2022, except that Plaintiff's motions for leave to amend (Filings 36, 39, 40, and 41) have become ripe for decision. Plaintiff complains his access to the prison law library has been limited because of the Covid-19 pandemic, but nearly every prisoner litigant has faced this difficulty and the court has freely granted extensions of time as an accommodation. Plaintiff also has not been able to view a certain DVD containing evidence because he is in prison. It appears from other filings that the DVD contains a recording of the phone call between Plaintiff and his attorney on April 20, 2020, of which Plaintiff already has firsthand knowledge, so it is not likely to lead to discovery of other evidence. Plaintiff also says he wants an attorney "to properly amend" his pleadings because he does not understand how to do it, but Plaintiff has proposed amendments and also submitted briefs in support of his additional claims (Filings 52, 54).

There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996); *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 2021 WL 2285235 (8th Cir. 2021) (unpublished). The relevant criteria for determining whether counsel should be appointed include the

factual complexity of the case, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780; *Recca*, 859 Fed. Appx. at 4. Having again considered these factors, the court concludes that appointment of counsel is not warranted at this time.

Because Defendants have filed Answers to Plaintiff's Amended Complaint (Filings 27, 30, 48), a voluntary dismissal of this case can only be accomplished by "a stipulation of dismissal signed by all parties who have appeared" or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii) & (2). The court thus construes Plaintiff's Filings 48, 50, 51, and 53 as motions for a court-ordered dismissal under Rule 41(a)(2). Although the captions to Filings 48 and 51 designate these filings as motions to dismiss "with prejudice," it is clear from the content of these and other motions that Plaintiff is requesting dismissal "without prejudice," so that he may refile the action at a future date. This is normal for a voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal … is without prejudice.").

"When determining whether to allow a voluntary dismissal without prejudice, a district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 526 (8th Cir. 2020). Plaintiff has made clear that he does not wish to proceed with this action while he remains a prisoner, which is understandable. The court has devoted a fair amount of time and effort to the case, primarily in conducting initial reviews of Plaintiff's pleadings under 28 U.S.C. §§ 1915(e)(2) and 1915A, but this is not a major consideration. Although Defendants' response time for Plaintiff's most recent motion to dismiss has not yet expired, the court concludes from Defendants' lack or response to Plaintiff's previous motions that they are not opposed to allowing Plaintiff to dismiss the case voluntarily.

IT IS THEREFORE ORDERED:

1. Plaintiff's Filings 47 and 48 (part 2), which the court construes as motions for appointment of counsel, are denied.

3

2. Plaintiff's Filings 48 (part 1), 50, 51, and 53, which the court construes as motions to dismiss without prejudice under Rule 41(a)(2), are granted.

3. Plaintiff's Filings 36, 39, 40, and 41, which the court construes as motions for leave to amend, are denied without prejudice, as moot.

4. Defendants' Filing 44, objecting to Plaintiff's motions to amend, shall be "termed" from the court's motions list by the Clerk of Court, as it requires no ruling.

5. Plaintiff's Filing 46, which the court construes as a motion for issuance of subpoena to a third party, is denied without prejudice, as moot.

6. By separate document, the court shall enter judgment dismissing this case without prejudice.

Dated this 14th day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge